IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0768-WJM-NRN

LORENZO TAFOYA,

    Plaintiff,

v.

LIMON CORRECTIONAL FACILITY,
COLORADO DEPARTMENT OF CORRECTIONS;
WARDEN TERRY JAQUES;
FORMER WARDEN JAMES FALK;
SERGEANT MELISSA PICCIONE; and
VARIOUS JOHN DOE CORRECTIONAL OFFICERS,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

---

    In this prisoner's civil rights action brought pursuant to 42 U.S.C. § 1983 and Colorado state law, Plaintiff Lorenzo Tafoya ("Plaintiff") seeks monetary damages from Defendants Colorado Department of Corrections ("CDOC"), Limon Correctional Facility ("LCF"), Warden Terry Jaques, Former Warden James Falk, and Sergeant Melissa Piccione (collectively, "Defendants").  (ECF No. 7.)  Before the Court is Defendants' Partial Motion to Dismiss ("Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 20.)  For the reasons that follow, the Motion is granted.

## I. BACKGROUND

    This case arises out of an incident during Plaintiff's confinement at Limon Correctional Facility, where he is currently incarcerated.  (ECF No. 7 ¶ 24.)  Plaintiff

alleges that on December 12, 2018, while he was on a telephone call, Defendant Piccione "sprayed [him] with pepper spray" without provocation. (*Id.* ¶ 8.) He alleges that Defendant Piccione then ordered him to lie on the floor and handcuffed him. (*Id.* ¶¶ 9–10.) Plaintiff states that Defendant Piccione and other officers "continued to attack" him by "throwing him down a flight of stairs, hitting his face into a wall, and jumping on him" as he lay on the floor, which resulted in injuries to his face, shoulders, wrists, hands and knees. (*Id.* ¶¶ 11–12.) Plaintiff alleges that after the incident, he was "intentionally and negligently denied medical treatment," due to a policy of administrative segregation. (*Id.* ¶ 18.) He asserts that this delay in medical treatment worsened his condition and resulted in permanent injuries. (*Id.* ¶ 23.)

Plaintiff filed his initial Complaint on December 11, 2019 (ECF No. 5), followed by his First Amended Complaint on January 16, 2020 (ECF No. 6), and his Second Amended Complaint on February 19, 2020 (ECF No. 7). This Second Amended Complaint (the "Complaint") is the current operative complaint in this action. Defendants filed their Notice of Removal on March 20, 2020 (ECF No. 1).

Defendants filed their present Motion on April 10, 2020 (ECF No. 20). On April 30, 2020, Plaintiff filed a Response to Defendants' Motion (ECF No. 21), and Defendants filed a Reply on May 14, 2020 (ECF No. 22).

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not

a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. See *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

3

improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III.  ANALYSIS

Plaintiff raises six claims for relief: (1) negligence, (2) negligence *per se*, (3) cruel and unusual punishment pursuant to 42 U.S.C. section 1983, (4) negligent supervision, training and hiring, (5) assault, and (6) battery. (ECF No. 7 ¶¶ 27–59.) Plaintiff does not specify in his Complaint whether he is suing the individual Defendants in their official or individual capacities. (*See id.*) Plaintiff fails to distinguish in his Complaint whether one or more of his claims are pled against Defendants in their individual and/or official capacities. For the purpose of this Motion, and even though he is not *pro se* and is represented by counsel, the Court will liberally construe Plaintiff's claims as against Defendants in both their individual and official capacities.

### A.  Plaintiff's Tort Claims

Defendants argue that Plaintiff's five tort claims are barred by the Eleventh Amendment and the Colorado Government Immunity Act ("CGIA") insofar as they are brought against the CDOC, LCF, and the individual Defendants in their official capacities. (ECF No. 20 at 7–9.) Defendants further argue that, even if the individual Defendants were subject to liability, Plaintiff's tort claims are barred due to Plaintiff's failure to comply with CGIA's notice requirement. (*Id.* at 9.) The Court agrees.

#### 1.  Eleventh Amendment Sovereign Immunity

The Eleventh Amendment bars suits for monetary damages against a state in federal court. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1231–32

(10th Cir. 1999) (citing *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1419 (10th Cir. 1997)).  Sovereign immunity extends to state officials acting in their official capacities.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The CDOC is a state agency, and LCF is a facility operated by the CDOC.  *See Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 781 (10th Cir. 2008).  Both entities thus enjoy immunity pursuant to the Eleventh Amendment.  *Id.* ("[T]he CDOC is an agency of the State of Colorado that has not expressly waived its sovereign immunity.").  The individual Defendants, as employees of these state agencies, are similarly immune from suit in their official capacities.  *See Hafer*, 502 U.S. at 25.  As such, the Eleventh Amendment shields Defendants from suit.  Absent a waiver, the Court lacks subject-matter jurisdiction over Plaintiff's tort law claims against them.  *See id.*

    2.    <u>Immunity Under the Colorado Government Claims Act</u>

Plaintiff asserts that Defendants are subject to suit in tort because the State has waived its immunity pursuant to the CGIA.  (ECF No. 7 ¶ 4.)  He specifically relies on Colorado Revised Statute section 24-10-106(d)(I), which provides that public entities and their employees are not immune from liability for actions arising out of the operation of a correctional facility.  (ECF No. 7 ¶ 4; *see also* Colo. Rev. Stat. § 24-10-106(d)(I).)

The CGIA does in fact waive immunity in certain specified types of cases, including those involving operation of a correctional facility.  Colo. Rev. Stat. § 24-10-106(d)(I).  Plaintiff overlooks, however, a key carve-out to this provision.  The CGIA expressly provides that the waiver of sovereign immunity as to the operation of a correctional facility "does not apply to claimants who have been convicted of a crime

and incarcerated in a correctional facility or jail pursuant to such conviction, and such correctional facility or jail shall be immune from liability" in an action by such claimants. *Id.* § 24-10-106(1.5)(a).  It is undisputed here that Plaintiff is incarcerated pursuant to criminal convictions.  (ECF No. 7 ¶ 24; ECF No. 20 at 3.)  As such, he may not avail himself of the waiver of immunity set forth in Section 24-10-106(d)(I).

Where a state has not expressly waived immunity, state employees are shielded from tort liability "unless the act or omission causing [the] injury was willful and wanton." Colo. Rev. Stat. § 24-10-118(2)(a).  Plaintiff does not specifically allege that Defendants' actions were willful and wanton, relying only on the aforementioned exception which is inapplicable to him.  (ECF No. 7 ¶ 4.)  The Court need not consider whether Plaintiff's allegations plausibly raise the inference of willful and wanton behavior, however, as his tort claims are barred for failure to comply with the CGIA's notice requirement.

The CGIA's notice provisions are contained in Colo. Rev. Stat. § 24-10-109(1) and state:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of the claim or of a cause of action for such injury.  Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Colorado courts describe Section 24-10-109(1) as a non-claim statute, meaning that

failure to comply with the notice requirement is "an absolute bar to suit." *Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d 386, 393 (Colo. 2002). Additionally, "a claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim." *Kratzer v. Colo. Intergovernmental Risk Sharing Agency*, 18 P.3d 766, 769 (Colo. Ct. App. 2000).

The events giving rise to Plaintiff's claims occurred on December 12, 2018. (ECF No. 7 ¶ 6.) Accordingly, the CGIA required Plaintiff to submit notice of his claims no later than June 12, 2019. Colo. Rev. Stat. § 24-10-109(1). Defendants assert, and Plaintiff does not dispute, that Plaintiff failed to comply with the notice requirement before filing his initial Complaint on December 11, 2019. (ECF No. 20 at 11.) Therefore, the Court lacks subject-matter jurisdiction over Plaintiff's tort claims.

Defendants' Motion is granted as to Plaintiff's negligence, negligence *per se*, negligent supervision, training, and hiring, assault, and battery claims against all Defendants (Claims 1, 2, 4, 5 and 6). These claims are dismissed with prejudice because the jurisdictional defects cannot be cured.

**B.     Plaintiff's Section 1983 Claim**

Plaintiff's third claim is brought pursuant to 42 U.S.C. § 1983 and alleges violations of his rights under the Eighth Amendment to the United States Constitution.[1] (ECF No. 7 ¶¶ 33–37.) Specifically, he alleges that Defendant Piccione and other

---

[1] The Court notes that Plaintiff's Complaint refers to violations of his rights under the Fourth and Fourteenth Amendments. (ECF No. 7 ¶ 35.) However, claims of excessive force against prisoners held pursuant to a criminal conviction are properly analyzed under the Eighth Amendment, prohibiting cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

correctional officers attacked him with pepper spray and physically assaulted him, and that he was subsequently denied medical care for several days. (ECF No. 7 ¶¶ 8–18.) He also claims that Defendants CDOC, LCF, Jaques, and Falk had knowledge that similar incidents had occurred previously and involved Defendant Piccione, but that they did not intervene. (*Id.* ¶¶ 14–20.)

Defendants assert in their Motion that Plaintiff's Section 1983 claim should be dismissed as to all Defendants in their official capacities because they are not "persons" subject to suit under Section 1983. (ECF No. 20 at 8–9.) They further argue that this claim should be dismissed as to Defendants Jaques and Falk in their individual capacities because Plaintiff has not alleged facts sufficient to state a claim against them. (*Id.* at 11–15.)

1. Claims Against Defendants in Their Official Capacities

Section 1983 authorizes a civil suit against any person who, under color of state law, deprives a plaintiff of rights secured by the United States Constitution. 42 U.S.C. § 1983. Only an official in his or her *individual* capacity is a "person" for the purposes of Section 1983. *Hafer*, 502 U.S. at 27. States and state officials sued in their official capacity are not "persons" subject to suit under section 1983. *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). The CDOC and its facilities are state agencies, and its employees are state officials. *See Hunt*, 271 F. App'x at 781.

As the institutional Defendants and the individual Defendants in their official capacities are not "persons" subject to suit under Section 1983, Plaintiff's claim against them fails. Accordingly, Plaintiff's third claim against Defendants CDOC and LCF, and

8

against the individual Defendants in their official capacities, is also dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The dismissal is with prejudice, as the jurisdictional defect cannot be cured.

    2.    <u>Claim Against Defendants Jaques and Falk in Their Individual Capacities</u>

Defendants assert that Plaintiff's claim against Defendants Warden Jaques and Former Warden Falk in their individual capacities must fail because he has not alleged their personal participation in conduct that violated his constitutional rights. (ECF No. 20 at 11–12.)

In order to state a Section 1983 claim, a plaintiff must allege that the individual defendants personally participated in the challenged conduct. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). There is no liability under a theory of *respondeat superior*. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767–69 (10th Cir. 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)). Rather, if the claim is based on failure to supervise or train, the plaintiff must allege an "affirmative link" between the supervisor's actions and the constitutional violations. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (internal quotation marks and citation omitted).

Plaintiff alleges that prior to the events giving rise to his claim, Defendant Piccione had been involved in "numerous 'spray' and attack incidents." (ECF No. 7 ¶ 14.) He further alleges that the "State of Colorado entities knew or should have known about these conditions and civil rights violations," presumably referring to such incidents and the delay of medical care. (*Id.* ¶ 19.) Plaintiff does not allege, however,

that Defendants Jaques and Falk personally directed or participated in the attack that injured him, nor that they directed or participated in the decision to delay his medical treatment.

As Plaintiff's bare allegations do not draw a causal connection between Defendants Jaques and Falk's actions and a violation of his constitutional rights, he has not plausibly alleged a viable Section 1983 claim. Accordingly, Defendants' Motion is granted, and Plaintiff's third claim against Defendants Jaques and Falk in their individual capacities is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 20) is GRANTED;

2. Plaintiff's negligence, negligence *per se*, negligent supervision, training, and hiring, assault, and battery claims (Claims 1, 2, 4, 5 and 6) against all Defendants are DISMISSED WITH PREJUDICE as barred by the CGIA;

3. Plaintiff's Section 1983 claim (Claim 3) against Defendants CDOC and LCF, and Defendants Jaques, Falk, Piccione, and John Doe correctional officers in their official capacities is DISMISSED WITH PREJUDICE;

4. Plaintiff's Claim 3 as to Defendants Jaques and Falk in their individual capacities is DISMISSED WITHOUT PREJUDICE; and

5. The parties shall proceed with pretrial discovery and related matters in conformity with the provisions of the Scheduling Order (ECF No. 31.) entered by

Magistrate Judge N. Reid Neureiter on July 7, 2020.

Dated this 9th day of November, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge